FILED NF
MAY 31 2014
MAY 31, 2014
THOMAS G BRUTON
CLERK, U S DISTRICT COURT

AO 91 (Rev. 11/11) Criminal Complaint

AUSA R. Matthew Hiller (312) 697-4088

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

UNITED STATES OF AMERICA

v.

KURT S. MAYER

CASE NUMBER 14 CR 313

MAGISTRATE JUDGE
GERALDINE SOAT BROWN

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about May 29, 2014, at Schaumburg, in the Northern District of Illinois, Eastern Division, and elsewhere, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Section 2252A(a)(1) | transportation of child pornography |

This criminal complaint is based upon these facts:

  X   Continued on the attached sheet.

SHANNON K. MCDANIEL
Special Agent, Federal Bureau of Investigation (FBI)

Sworn to before me and signed in my presence.

Date: May 31, 2014

City and state: Chicago, Illinois

Judge's signature

GERALDINE SOAT BROWN, U.S. Magistrate Judge
*Printed name and Title*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS | ss

## AFFIDAVIT

I, SHANNON K. MCDANIEL, being duly sworn, state as follows:

1. I am a Special Agent with the Federal Bureau of Investigation, and have been so employed for 13 years. My current responsibilities include the investigation of child exploitation and child pornography.

2. This affidavit is submitted in support of a criminal complaint alleging that Kurt S. Mayer has violated Title 18, United States Code, Section 2252A(a)(1). Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of a criminal complaint charging MAYER with transportation of child pornography, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that the defendant committed the offense alleged in the complaint.

3. The statements in this affidavit are based on my personal knowledge, and on information I have received from other law enforcement personnel and from persons with knowledge regarding relevant facts.

## FACTS SUPPORTING PROBABLE CAUSE

3. On or about May 29, 2014, an FBI Task Force Officer and Detective with the Washington, D.C. Metropolitan Police Department, who was working in an

online undercover capacity (the "UC"), received an email from Craigslist[1] email account 3c7bb30b7adb3dae91af7fae921f8ba4@reply.craigslist.org (the "Subject Account"). The email was in response to an ad the UC had updated that same day in which the UC had stated, among other things, that the UC was interested in meeting "perv [...] [individuals] into the more taboo things in life."

4. Subsequently, on or about May 29, 2014, the UC engaged in an email exchange with the user of the Subject Account (subsequently identified as the defendant, KURT S. MAYER) during which MAYER identified his age, relationship status and some family information. MAYER also asked the UC if the UC had Kik because it was "Much more discreet." Based on my training and experience, I know that Kik (also known as Kik Messenger) is a smartphone application which allows users to send messages to each other. Of note, all of the emails sent to the UC from the Subject Account said "Sent from my iPhone" at the bottom. Based on my training and experience, I know that the phrase "Sent from my iPhone" is a common default electronic signature associated with emails sent from iPhones, a type of smartphone.

5. The UC, who was located in Washington, D.C., and MAYER engaged in a number of communications using Kik Messenger, on or about May 29, 2014. During the communications, MAYER admitted, among other things, that: (1) he had sexually abused a minor child in the past through oral sex and rubbing the child's genitalia; (2) that he had taken pictures of the minor child (based on the context of

---

[1] Based on my training and experience, I know that Craigslist is a website that allows users to post classified advertisements.

2

the communication, it appears that MAYER was claiming that he had made images of child pornography with the child); and (3) that he took pictures the about 20 minutes ago. During the conversation, MAYER used the screen name "kurtmay." Based on the context of the communication between MAYER and the UC the child that MAYER discussed abusing is "CHILD A" described below.

6. During the conversation, MAYER also sent several pictures to the UC, including two images depicting child pornography that are described below in further detail. To confirm that the child was real and that MAYER was taking the pictures, the UC asked MAYER to have the child hold two fingers up in the air during a picture (with the child clothed). MAYER then sent another picture to the UC of the same child, who was clothed and holding two fingers up in the air.

7. All of the images described within this affidavit are available for inspection by the Court upon request. The two images of child pornography depicted:

    a. An image of a prepubescent child ("CHILD A"). The focus of the image is of CHILD A's genitalia. CHILD A is on a bed with CHILD A's shorts pulled down to CHILD A's knees and CHILD A's buttocks in the air displaying CHILD A's buttocks and genitalia. It appears CHILD A is wearing black shorts with colored trim, and that CHILD A has been posed in a sexually explicit manner. The bed has a wooden slotted headboard.

    b. An image of a prepubescent child. The focus of the image is of CHILD A's genitalia. CHILD A is on a bed with CHILD A's shorts pulled down to

CHILD A's knees and CHILD A's buttocks up in the air displaying CHILD A's buttocks and genitalia. CHILD A's face is partially visible in the image. It appears CHILD A is wearing black shorts with colored trim, and that CHILD A has been posed in a sexually explicit manner. The bed has a wooden slotted headboard. Upon review, it appears the bed, shorts, and child from this image are the same as the previous image.

8. The image of CHILD A holding up two fingers depicted an image of what appears to be a prepubescent child wearing a black shirt with colored writing and black shorts with colored trim. CHILD A is standing on a bed holding up two fingers with CHILD A's right hand. The bed has a wooden slotted headboard. Upon review, your affiant believes the bed and shorts from this image are the same as the two images of child pornography described above.

9. As part of this investigation, an emergency request was sent to Craigslist for information relating the Subject Account – 3c7bb30b7adb3dae91af7fae921f8ba4@reply.craigslist.org. In response, Craigslist provided identified EMAIL ADDRESS 1 and IP addresses 24.13.173.61 and 198.228.225.232 as being associated with the account.

10. Public database checks showed IP address 24.13.173.61 associated with Comcast.

11. On or about May 30, 2014, Comcast provided information which identified the customer assigned IP address 24.13.173.61 on May 29, 2014, during a time period relevant to this investigation as KURT MAYER at RESIDENCE 1.

4

12. Public database checks showed EMAIL ADDRESS 1 associated with an account with the social media website Facebook in the name of Kurt.Mayer.96.

13. On or about May 30, 2014, FBI surveillance of RESIDENCE 1 observed an individual who appeared to be MAYER in the garage at RESIDENCE 1. MAYER was identified via his Illinois driver's license photograph.

14. According to Illinois motor vehicle registration records, as of on or about May 30, 2014, MAYER and Individual A had two vehicles registered in their names at RESIDENCE 1.

15. On or about May 30, 2014, agents executed a federal search warrant at RESIDENCE 1 (located in Schaumburg, Illinois). During the search, agents discovered the headboard, bedding and CHILD A's shirt and shorts depicted in the two images of child pornography described above.

16. In addition, on or about May 30, 2014, during the search of RESIDENCE 1, there were at least two marked police cars in front of RESIDENCE 1. MAYER drove towards the residence during the search, but he did not stop at RESIDENCE 1 and continued to drive by. As a result, local law enforcement conducted a traffic stop of MAYER and arrested him based on probable cause that he transported images of child pornography. Following the arrest, agents advised MAYER of his *Miranda* rights. MAYER waived his rights by a written waiver. During an interview with agents, MAYER admitted among other things: (1) to

taking the two images depicting child pornography described above;[2] (2) that the two images of child pornography described above depicted CHILD A; (3) that CHILD A was less than 18 years old (he provided CHILD A's specific age); (4) that he took the pictures with his iPhone; (5) that he used his iPhone to send the two images depicting child pornography to someone he met through Craigslist; and (6) that EMAIL ADDRESS 1 was one of his email accounts. MAYER denied ever touching or molesting CHILD A. MAYER also initially denied sending the two images of child pornography until he was confronted with the images. At that point, MAYER admitted to taking the images and sending them via his iPhone.

17. Also, on or about May 30, 2014, MAYER consented to allow agents to search his vehicle. MAYER signed a written consent to search his vehicle. During the search, agents recovered an iPhone, which as described above, appears to be the same type of phone used to send emails to the UC, according to the email messages.

18. On or about May 30, 2014, an interviewer from the Children's Advocacy Center of North and Northwest Cook County interviewed CHILD A. CHILD A stated among other things: (1) that MAYER took pictures of CHILD A during the last two days; and (2) that MAYER had previously kissed CHILD A's genitalia. In addition, CHILD A identified CHILD A in one of the images depicting child pornography (CHILD A only viewed one of the two images depicting child pornography) and the image of CHILD A holding up two fingers.

---

[2] MAYER initialed other images that he had sent the UC but that did not depict child pornography. MAYER refused to initial the two images of child pornography or the image of CHILD A holding two fingers in the air.

19. On or about May 30, 2014, a parent of CHILD A provided the investigation with information including that CHILD A is a minor child who is less than 18 years old.

FURTHER AFFIANT SAYETH NOT.

*[signature]*
SHANNON K. MCDANIEL
Special Agent, Federal Bureau of Investigation


SUBSCRIBED AND SWORN to before me on May 31, 2014.

*[signature]*
GERALDINE SOAT BROWN
United States Magistrate Judge